UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GLENDORA :
:
v. : C.A. No. 05-347ML
:
DAVID ROCKEFELLER BANK, :
ET AL. :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Plaintiff Glendora, a prolific *pro se* litigant and New York resident, filed her Complaint in this Court on August 16, 2005. The handwritten Complaint lists seventeen defendants, spans more than one hundred pages, and includes a collage of pictures, excerpts from previous opinions, and various colors of paper. The Complaint is separated into several sections, however, after numerous readings of the Complaint, the Court is unable to discern any logical connection between those sections. Further, the Court is unable to ascertain the basic facts underlying the claims, or to grasp any reasonable factual basis for the assertion of proper venue in this District. The Complaint has been referred to me by District Judge Mary M. Lisi for preliminary review, findings and recommended disposition as to whether this Court has jurisdiction. See 28 U.S.C. § 636(b)(1)(B); D.R.I. Local R. 32(c). The Court has determined that no hearing is necessary. After a thorough review of the Complaint, in addition to performing independent research, this Court recommends that the Complaint be dismissed with leave to amend, as set forth below.[1]

---

[1] Plaintiff has provided in her Complaint that, "no magistrate is to touch Glendora's action in any way without her consent..." (Compl. ¶ 15). Although I have not secured Plaintiff's consent, I am issuing this Report and Recommendation pursuant to the direction of District Judge Lisi and in accordance with 28 U.S.C. § 636. Plaintiff has the right to object to this Report and Recommendation, and to obtain *de novo* review of my recommended disposition before District Judge Lisi should she so desire. Plaintiff's appeal rights are set forth in the conclusion to this document.

**Discussion**

This Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). Nevertheless, *pro se* status does not excuse compliance with the Federal Rules of Civil Procedure. See Andrews v. Bechtel Power Corp., 780 F.2d 124, 140 (1st Cir. 1985) (citation omitted) ("right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law'"). Moreover, "the Constitution does not require judges...to take up the slack when a party elects to represent himself." Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994); See also McKaskle v. Wiggins, 465 U.S. 168, 183-84 (1984) (explaining that courts need not "take over chores for pro se defendant that would normally be attended to by trained counsel as a matter of course").

Using these rules as guideposts, the Court has thoroughly reviewed and considered Plaintiff's Complaint. Plaintiff has styled her Complaint as one seeking redress for "violations of civil rights, public access rights, court rights." See Civil Cover Sheet. She has demanded the sum of eighty million dollars ($80,000,000) for these alleged violations of her rights. Id. On first blush, the Court notes that there does not appear to be any relationship alleged among the various Defendants, nor any common nucleus of facts underlying the Complaint. Instead, Plaintiff's Complaint in this matter is more in the form of multiple complaints arising from various scenarios, all grouped together and captioned as one civil action. More generally, each of the multiple scenarios set forth in the Complaint is confusing and disjointed. For example, Defendants range from the David Rockefeller Bank and "Manager Sue," who allegedly "stole" $100.00 from Plaintiff's bank account, for overdraft and other fines, to Carlos M. Gutierrez and Kellogg NA Co., who are sued for fraud on the basis of

allegedly altering the taste of "Frichick" and "Wham," which are apparently vegetarian substitutes for chicken and ham. Leaving aside the issues of subject matter[2] and personal jurisdiction, the suit against these various Defendants utterly fails to comply with Rules 8 and 10, Fed. R. Civ. P., and also fails for improper venue, as set forth below.

## I. Failure to Comply with Federal Rules of Civil Procedure

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Further, "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e). Under First Circuit law, a plaintiff must, "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).

These broad rules of pleading only require that the plaintiff "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) The central question, therefore, is whether the complaint contains, "enough information to put Defendant on notice of the nature of Plaintiff's claims." Greenier v. Pace, Local No. 1188, 201 F. Supp. 2d 172, 177 (D. Me. 2002). In the present case, the Complaint, as submitted, does not contain enough information to put Defendants on notice of the claims advanced. The Complaint is rife with legal conclusions and is difficult to decipher. For these reasons alone, dismissal is a permissible sanction. See Miranda v. United States, 105 Fed. Appx.

[2] Many of Plaintiff's counts allege violations of Title 18 of the United States Code. Plaintiff is not authorized to commence a criminal action in this District. "[A] private citizen has no authority to initiate a federal prosecution [under Title 18]." See Overton v. Torruella, 183 F. Supp. 2d 295, 307 (D. Mass. 2001) citing Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964). Any counts alleging violations of Title 18 fail to state a claim as a matter of law. Id.

280, 281 (1st Cir. 2004) (dismissal of complaint appropriate under Rule 8 where "complaint is prolix, disjointed, replete with legal conclusions....Defendants could not reasonably have been expected to respond to such allegations.") This Court, like all district courts, has the inherent power to dismiss a complaint for failure to comply with Rule 8. See Kuehl v. FDIC, 8 F.3d 905 (1st Cir. 1993), Vakalis v. Shawmut Corp., 925 F. 2d 34, 36 (1st Cir. 1991). This may be done on motion of a party, or *sua sponte*. Goldstein v. Harvard University, 74 F.3d 1224 (1st Cir. 1996). "Dismissal is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Miranda v. United States, 105 Fed. Appx. 280, 281 (1st Cir. 2004). The Complaint, as submitted, does not comply with Rule 8 of the Federal Rules of Civil Procedure, and is "confused, ambiguous, vague or otherwise unintelligible," thus warranting dismissal.

Although dismissal is justified, the Court is still mindful of the fact that *sua sponte* dismissal at this stage is a harsh remedy, and therefore recommends granting Plaintiff leave to amend her Complaint in order to permit her to comply with the Federal Rules. If the District Court approves and adopts this Report and Recommendation, I recommend that Plaintiff be granted thirty (30) days from that date to file a First Amended Complaint. The First Amended Complaint shall be complete in itself, and should not contain any references to the original Complaint. The First Amended Complaint shall contain a "short and plain statement" of the claim or claims for relief, and shall set forth the facts supporting those claims in a clear and concise fashion. See Fed. R. Civ. P. 8(a). All allegations should be made in numbered paragraphs and each separate claim shall be set forth in a separately numbered count or section. See Fed. R. Civ. P. 10(b). Plaintiff's failure to timely file a

First Amended Complaint which complies with Rules 8 and 10, Fed. R. Civ. P., may result in dismissal of this action.

## II. Improper Venue

In addition to Plaintiff's failure to comply with the Federal Rules, a review of Plaintiff's claim suggests that venue is improper in this District. Neither Plaintiff nor any of the seventeen Defendants reside in Rhode Island. Moreover, it does not appear that any of the facts underlying the potential causes of actions listed in Plaintiff's Complaint took place in Rhode Island. Therefore, even if Plaintiff is able to amend her Complaint to comply with Rules 8 and 10, the District of Rhode Island does not appear to be the proper venue for this action. See 28 U.S.C. §1391. If venue is improper, a court may dismiss or transfer the action. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. Therefore, if Plaintiff elects to file a First Amended Complaint as outlined above, I recommend that she be further required to identify specific facts in such Complaint alleging why venue in this District is proper, and, if she fails to do so, that this matter be dismissed or transferred as appropriate for improper venue.

## Conclusion

For the reasons discussed above, I recommend that Plaintiff's Complaint be DISMISSED with leave to amend. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United

States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
September 14, 2005