UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GLENDORA

v.                                                                           CA 05-347ML

DAVID ROCKEFELLER BANK, et al.

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Objection to the Report and Recommendation issued by Magistrate Judge Almond on September 14, 2005. Plaintiff's "Objection" does not address any specific issues or concerns about the Report and Recommendation. Rather, plaintiff objects generally to Magistrate Judge Almond having "touch[ed]" her lawsuit without her consent. Plaintiff apparently does not understand that 28 U.S.C. § 636(b)(1)(B) expressly authorizes a district judge to designate a magistrate judge to hear dispositive motions and submit to the district judge his "proposed findings of fact and recommendations for . . . disposition." Plaintiff's consent is not required.

This Court has reviewed the Complaint, the Report and Recommendation, and plaintiff's Objection. Having done so, this Court is in agreement with Magistrate Judge Almond's assessment that plaintiff has utterly failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Further, it appears that venue is improper in this District.

Accordingly, this Court adopts Magistrate Judge Almond's recommendation that this Complaint be dismissed. This Court does not adopt that portion of the Report and

Recommendation that recommends giving plaintiff an opportunity to amend her Complaint. The Court recognizes that plaintiff has filed this Complaint *pro se*, and that her *pro se* status requires lenient treatment by the Court. This plaintiff, however, has filed numerous actions in other jurisdictions, all of which have been dismissed for similar deficiencies. Glendora v. Friedman, 2003 WL 21672825, at *2 (D. Me. 2003). At least one court found that plaintiff's filings "amounted to a pattern of malicious, abusive, and frivolous litigation." Glendora v. Sellers, 57 F. App'x 378, 380 (10th Cir. 2003). To permit plaintiff the opportunity to amend, in this Court's judgment, would only delay the inevitable. Therefore, this Court does not adopt that portion of the Report and Recommendation that recommends granting plaintiff leave to amend.

Accordingly, the Complaint is dismissed for failure to comply with Rule 8 and for improper venue.

SO ORDERED:

_/s/ Mary M. Lisi_
Mary M. Lisi
United States District Judge
October 4, 2005